IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF PENNSYLVANIA

| | |
|---|---|
| LOCAL UNION NO. 98 INTERNATIONAL BROTHERHOOD OF ELECTRICAL WORKERS, et al., | : <br> : <br> : <br> : : CIVIL ACTION |
| Plaintiffs, | : |
| v. | : |
| | : NO. 15-815 |
| LP HERMAN COMPANY and LAWRENCE HERMAN, | : <br> : <br> : |
| Defendants. | : |

## MEMORANDUM

BUCKWALTER, S. J.                                                                                       January 21, 2016

Currently pending before the Court is the Motion by Plaintiffs Local Union No. 98 International Brotherhood of Electrical Workers (the "Union") to Dismiss the Counterclaim by Defendants LP Herman Company and Lawrence Herman (collectively, "Defendants"). For the following reasons, the Motion is denied.

**I.     FACTUAL BACKGROUND**

Plaintiff Local Union No. 98, International Brotherhood of Electrical Workers is a labor union, with a principal place of business in Philadelphia, Pennsylvania. (Compl. ¶ 5.) Additional Plaintiffs[1] are the Local Union No. 98 Health & Welfare Fund, Pension Fund, Apprentice Training Fund, Profit Sharing/Deferred Income Fund, Labor-Management

---

[1] The individually named Plaintiffs listed in the full case caption are trustees of the Multi-Employer Benefit Funds described above and are fiduciaries of those Funds within the meaning of 29 U.S.C. § 1002(21), and are authorized to advance this action on behalf of the Funds for which they are trustees. (Compl. ¶ 7.)

Cooperation Committee Fund, and Scholarship Fund (the "Multi-Employer Benefit Funds Plaintiffs"), which are multi-employer benefit funds established under § 302(c) of the LMRA, 29 U.S.C. § 186(c)(5), and § 3(3) and (37) of ERISA, 29 U.S.C. § 1002(3) and (37), and which have a principal place of business in Philadelphia, Pennsylvania. (Id. ¶ 6.)

Defendant LP Herman Company is a Pennsylvania limited liability company with a principal place of business in Montgomeryville, Pennsylvania that engages in the business of providing electrical services to the consuming public and regularly conducts business or otherwise utilizes the marketplace of Philadelphia County. (Id. ¶ 8.) At all relevant times, Defendant LP Herman Company acted by and through its duly authorized employees, agents, workers, and/or representatives acting within the scope of their employment. (Id.)

Defendant Lawrence Herman is an adult individual, who was an agent, servant, employee, and principal of Defendant LP Herman Company and who acted within the course and scope of his employment with Defendant LP Herman Company. (Id. ¶ 9.) Defendant Lawrence Herman signed a Letter of Assent on behalf of Defendant LP Herman Company for labor agreements with Local Union No. 98 on September 5, 1989. (Id., Ex. A.) Defendant Lawrence Herman signed the Letter of Assent as the "Owner" of Defendant LP Herman Company. (Id.)

At all relevant times, Defendant LP Herman Company was a party to the multi-employer collective bargaining agreement ("CBA") between Local Union No. 98 and the Philadelphia division of the Penn-Del-Jersey Chapter, National Electrical Contractor's Association (the "Commercial Agreement"). (Id. ¶ 12.) The CBA was in effect from May 3, 2010 until April 20, 2013. (Id., Ex. B, Commercial Agreement, Art. I, Section 1.0..) Pursuant to the provisions of the Trust Agreements establishing the Health & Welfare Fund, the Pension Fund, the Apprentice

Training Fund, and the Profit Sharing/Deferred Income Fund, at all relevant times, titles to all monies payable to those Funds were vested in the trustees of the Funds in trust as of the date the employer's obligation to submit contribution to the Funds arose. (Id. ¶¶ 12–18, Exs. C, D, E, F.) Pursuant to the provisions of the Trust Agreements establishing the Labor-Management Cooperation Committee Fund and the Scholarship Fund, as amended, at all relevant times, titles to all monies payable to those Funds become vested in the trustees of the Fund in trust as of the date the contributions are received. (Id. ¶¶ 17–18, Exs. G, H.)

Pursuant to Article II, Section 2.03(d) of the Commercial Agreement, Defendant LP Herman Company is obligated to furnish monthly reports to Local Union No. 98 listing the names of the members of the Union it employs and the number of hours of employment and gross earnings of each member. (Id. ¶ 19.) Pursuant to the Commercial Agreement, Defendant LP Herman Company agreed to participate in the Labor-Management Cooperation Committee Fund, the Health and Welfare Fund, the Pension Fund, the Profit Sharing/Deferred Income Fund, the Apprentice Training Fund, and the Scholarship Fund; comply with applicable provisions of the Trust Agreements establishing those Funds; and provide monthly contribution payments consistent with the terms of the various Trust Agreements and the Commercial Agreement. (Id. ¶¶ 20, 22–25, 28; Compl. Ex. B, Commercial Agreement, Art. III, Sections 3.02–3.06, 3.09.) Pursuant to Article III, Section 3.07 of the Commercial Agreement, Defendant LP Herman Company is obligated to deduct an amount specified in the approved Local Union No. 98 By-Laws designated as Working Dues from the pay of each Local Union No. 98 member and remit the withholdings in lump sum monthly payments to the Financial Secretary of Local Union No. 98. (Id. ¶ 26.) Additionally, Defendant LP Herman Company is obligated to deduct an amount

specified as designated Vacation Fund and Job Recovery Fund account dues from the pay of each Local Union No. 98 member and remit the withholdings in lump sum monthly payments to the Financial Secretary of Local Union No. 98.  (Id. ¶¶ 27, 29, Ex. B, Commercial Agreement, Art. III, Section 3.08 and Appendix A.)  Plaintiffs allege that, in spite of the above Agreements and provisions, and despite Plaintiffs' repeated demands, Defendant LP Herman Company has failed to timely remit contributions and deductions due and owing.  (Id. ¶ 31.)

Plaintiffs filed a Complaint in this case on February 18, 2015.  Following Plaintiffs' voluntary dismissal of several counts, as well as this Court's ruling on Defendants' Motion to Dismiss, the sole remaining causes of action allege that Defendants failed to make a variety of monthly payments to the Union and contributions to the various multi-employer benefit fund, as required by 29 U.S.C. § 1145 and 29 U.S.C. § 1109.  Defendants, in turn, brought a Counterclaim for an accounting.  Thereafter, on November 13, 2015, Plaintiffs moved to dismiss this Counterclaim and Defendants responded on December 3, 2015.  The Motion is now ripe for consideration.

**II.    STANDARD OF REVIEW**

Under Rule 12(b)(6), a defendant bears the burden of demonstrating that the plaintiff has not stated a claim upon which relief can be granted.  Fed. R. Civ. P.12(b)(6); see also Hedges v. United States, 404 F.3d 744, 750 (3d Cir. 2005).  In Bell Atlantic Corporation v. Twombly, 550 U.S. 544 (2007), the United States Supreme Court recognized that "a plaintiff's obligation to provide the 'grounds' of his 'entitle[ment] to relief' requires more than labels and conclusions, and a formulaic recitation of the elements of a cause of action will not do."  Id. at 555.  Following these basic dictates, the Supreme Court, in Ashcroft v. Iqbal, 556 U.S. 662 (2009),

subsequently defined a two-pronged approach to a court's review of a motion to dismiss. "First, the tenet that a court must accept as true all of the allegations contained in a complaint is inapplicable to legal conclusions. Threadbare recitals of the elements of a cause of action, supported by mere conclusory statements, do not suffice." Id. at 678. Thus, although "Rule 8 marks a notable and generous departure from the hyper-technical, code-pleading regime of a prior era . . . it does not unlock the doors of discovery for a plaintiff armed with nothing more than conclusions." Id. at 678–79.

Second, the Supreme Court emphasized that "only a complaint that states a plausible claim for relief survives a motion to dismiss." Id. at 679. "Determining whether a complaint states a plausible claim for relief will, as the Court of Appeals observed, be a context-specific task that requires the reviewing court to draw on its judicial experience and common sense." Id. A complaint does not show an entitlement to relief when the well-pleaded facts do not permit the court to infer more than the mere possibility of misconduct. Id.; see also Phillips v. Cnty. of Allegheny, 515 F.3d 224, 232–34 (3d Cir. 2008) (holding that: (1) factual allegations of complaint must provide notice to defendant; (2) complaint must allege facts suggestive of the proscribed conduct; and (3) the complaint's "'factual allegations must be enough to raise a right to relief above the speculative level.'") (quoting Twombly, 550 U.S. at 555)).

Notwithstanding these new dictates, the basic tenets of the Rule 12(b)(6) standard of review have remained static. Spence v. Brownsville Area Sch. Dist., No. Civ.A.08-626, 2008 WL 2779079, at *2 (W.D. Pa. July 15, 2008). The general rules of pleading still require only a short and plain statement of the claim showing that the pleader is entitled to relief and need not contain detailed factual allegations. Phillips, 515 F.3d at 233. Further, the court must "accept all

factual allegations in the complaint as true and view them in the light most favorable to the plaintiff." Buck v. Hampton Twp. Sch. Dist., 452 F.3d 256, 260 (3d Cir. 2006). Finally, the court must "determine whether, under any reasonable reading of the complaint, the plaintiff may be entitled to relief." Pinkerton v. Roche Holdings Ltd., 292 F.3d 361, 374 n.7 (3d Cir. 2002).

### III. DISCUSSION

Defendants' Counterclaim asserts that they are entitled to an accounting from Plaintiffs (1) "showing the financial transaction history of payments to [Plaintiffs] by [Defendants] pursuant to the Commercial Agreement and the applicable trust agreements during the relevant time period" and (2) "showing the exact methodologies utilized by [Plaintiffs] to calculate the monies alleged to be due and owing from [Defendants] pursuant to the Commercial Agreement and the applicable trust agreements during the relevant time period." (Counterclaim Compl. ¶¶ 15–16.) Plaintiffs now argue that this claim must fail because the Commercial Agreement and the applicable trust agreements which establish the Funds impose no duty of accounting upon Plaintiffs. Moreover, Plaintiffs assert that the discovery and expert reports exchanged between the parties will likely satisfy the Defendants' interests of concern.

As explained by the Pennsylvania Superior Court, to meet the requirements for a legal accounting, the party seeking the accounting must show that:

> (1) there was a valid contract, express or implied between the parties whereby the defendant
>
>> (a) received monies as agent, trustee or in any other capacity whereby the relationship created by the contract imposed a legal obligation upon the defendant to account to the plaintiff for the monies received by the defendant, or
>>
>> (b) if the relationship created by the contract between the plaintiff and

>defendant created a legal duty upon the defendant to account and the defendant failed to account and the plaintiff is unable, by reason of the defendant's failure to account, to state the exact amount due him, and

(2) that the defendant breached or was in dereliction of his duty under the contract.

Haft v. U.S. Steel Corp., 499 A.2d 676, 677–78 (Pa. Super. 1985); see also Berger & Montague v. Scott & Scott, 153 F. Supp. 2d 750, 754 (E.D. Pa. 2001).

In the present matter, Defendants have properly pled these elements for a legal accounting. First, Defendants have alleged a valid contract between the parties whereby Plaintiffs have the legal obligation to determine Defendants' delinquencies in the payments made by Defendants to the multi-employer benefit funds. (Countercl. Compl. ¶¶ 11–13.) Moreover, Defendants assert that the information regarding these delinquencies is solely in Plaintiffs' possession, meaning Defendants cannot calculate the amounts due. Second, Defendants have alleged that Plaintiffs are in dereliction of their duties by making demands for purported underpayments by Defendants without supplying Defendants with either calculations for or a sum total of the alleged deficiencies. (Id. ¶ 18.) The mere fact that Plaintiffs may have to ultimately produce this information in support of its own claims in discovery or during a jury trial does not negate the legal propriety of Defendants' Counterclaim request for this information. Taking Defendants' allegations as true, the Court declines to dismiss this claim.

An appropriate Order follows.